DECISION AND JUDGMENT ENTRY
{¶ 1} This R.C. Chapter 2506 administrative appeal is before the court following the July 9, 2002 judgment of the Ottawa County Court of Common Pleas. The court reversed the decision of the Danbury Township Board of Zoning Appeals which denied appellees' request for a variance. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} Appellees, Harold and Ruth Flewelling, are the owners of real property located in Lakeside, Danbury Township, Ohio. On a portion of the property, appellees constructed a duplex which is occupied, in part, by Ruth Flewelling's mother. Though located in Lakeside, the property is outside the gated community and situated on a dead-end street.
 {¶ 3} In 1999, appellees placed a gazebo in the front yard of the property without first obtaining a zoning permit. The Danbury Township Zoning Inspector, by letter dated September 24, 1999, notified appellees that they were in violation of the Danbury Township Zoning Resolution stating that "[a] gazebo is an accessory building and is required to be located in the rear yard."
 {¶ 4} Upon receipt of the letter, appellees submitted an application for a variance and, on March 15, 2000, a hearing on their application was held before the Danbury Township Board of Zoning Appeals ("BZA"). At the hearing, appellees stated that upon purchasing the property they greatly improved it by removing a burned building and debris and building and maintaining a duplex. Appellees argued that the gazebo provides a shaded area for Mrs. Flewelling's elderly mother to sit and for neighbors to gather. They contended that placing the gazebo in the back yard would greatly diminish her enjoyment of it and would block the view. Appellees also noted that the gazebo was an "open air type structure" rather than a building.
 {¶ 5} In support of their arguments, appellees presented a letter from the Lakeside Association requesting that the BZA grant the request for the variance. Appellees also submitted letters from their neighbors in support of the variance. The BZA ultimately determined that the evidence was insufficient to establish "practical difficulties" which would justify granting a variance. Thereafter, appellees were unsuccessful in their attempt to have the Zoning Resolution modified to permit gazebos in front yards.
 {¶ 6} On April 12, 2000, appellees filed an appeal of the BZA's decision in the Ottawa County Court of Common Pleas. Appellees moved the court for an order permitting the submission of additional evidence pursuant to R.C. 2506.03(A)(5).[1] In a supporting affidavit, appellees' counsel indicated that at the hearing they intended to challenge the "constitutionality of certain provisions of the Danbury Township Zoning Resolution as they are applied to Appellants [sic] property in this appeal." The motion was granted and at the February 21, 2002 hearing, additional evidence was presented.
 {¶ 7} In its June 3, 2002 findings of fact and conclusions of law, the trial court determined that "the use sought by [the Flewellings] would not be a conditional use, but a permitted use" and ordered the BZA to issue the requested permit. The court's findings were adopted in its July 9, 2002 judgment entry. This appeal timely followed.
 {¶ 8} The BZA now raises the following assignment of error:
 {¶ 9} "The Common Pleas Court abused its discretion in reversing the decision of the Danbury Township Board of Zoning appeals, because it failed to consider that there was a preponderance of reliable, probative and substantial evidence to support the decision of the BZA to deny the requested variance, and instead substituted its judgment for that of the BZA by determining that no variance was needed for appellees' gazebo under the zoning resolution."
 {¶ 10} In its sole assignment of error, the BZA argues that the trial court applied the wrong standard of review in reversing the BZA's decision. The BZA argues that the trial court was required to affirm its decision if it was supported by "reliable, probative and substantial evidence." Conversely, appellees contend that because a hearing was held where additional evidence was presented, the trial court properly acted as the trier of fact as to such evidence.
 {¶ 11} R.C. 2506.04 sets forth that on review of an administrative order, a trial court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Included in the court's review of the "whole record" is "any new or additional evidence admitted under R.C.2506.03 * * *." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147.
 {¶ 12} Our review in an R.C. 2506.04 appeal is more limited in scope. "'[The] statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" Id., quoting Kisilv. Sandusky (1984), 12 Ohio St.3d 30, fn. 4. An appellate court may not substitute its judgment for that of the trial court or administrative agency. Id.
 {¶ 13} In the present case, at issue is the application of the following provisions of the Danbury Zoning Resolution:
 {¶ 14} "ARTICLE 3
 {¶ 15} "Definitions
 {¶ 16} "Accessory Use or Building: A use or building on the same lot with, and subordinate to, the principal use or building. * * *. An accessory use or building shall include, but not be limited to, fences, sheds, garages, parking areas, decks, pools, signs, and billboards."
 {¶ 17} "Building: Any structure consisting of foundations, walls, columns, girders, beams, floors, and roofs, or any combination thereof, designed for the support, enclosure, shelter, or protection of persons, animals, chattels, or property."
 {¶ 18} "Structure: Anything constructed, placed, or erected, the use of which requires location on the ground or attached to something on the ground."
 {¶ 19} Further, the subject property is located within the "Lakeside Association District" which is governed by a separate set of regulations which provide, in part:
 {¶ 20} "Accessory Buildings and Uses: All accessory buildings shall be subject to the following regulations and shall be permitted only on lots with a principal building already in existence.
 {¶ 21} "a. Accessory buildings shall be located in the rear yard except for garages which may be located in the rear or side yard."
 {¶ 22} In the proceedings below, the trial court, as to the additional evidence that appellees presented, commented that "[t]here are several structures that have the qualities and attributes of an `accessory building' as defined by the Danbury Zoning Regulations, to wit: Plaintiffs Exhibits 9, 10, 11 and 12, for which no citations have been issued and for which the zoning inspector says no permit is required." The court then concluded that an ambiguity existed as to whether a gazebo would be property classified as an "accessory building" which would require a permit or a "structure" which would not. Construing the ambiguity in favor of the property owner, the court found that the gazebo was a structure and, thus, a "permitted use" for which no permit was required. The court ultimately concluded that, pursuant to R.C. 2506.04, the decision of the BZA was arbitrary and unreasonable.
 {¶ 23} Upon review of the applicable law, we reject the BZA's argument that the trial court applied the incorrect standard of review. As set forth above, and in R.C. 2506.04, the trial court was required to consider the whole record, including the evidence admitted at the February 21, 2002 hearing, in determining whether the administrative order was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance off substantial, reliable, and probative evidence * * *." Accordingly, we find that the trial court did not abuse its discretion in determining that the BZA's decision was arbitrary and unreasonable as applied to appellees' property, and ordering that the permit be issued. Accordingly, the BZA's sole assignment of error is not well-taken.
 {¶ 24} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L. Pietrykowski, J. CONCUR.
[1] R.C. 2506.03(A)(5) provides:
"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
" * * *
"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;
"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."